Barbara J. TREGONING; Joe W. Hutchins; JoAnn Hartlerode; and Ripley Lance Peterson, Plaintiffs–Appellants,

v.

AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY, Defendant–Appellee.

No. 92–2253.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1993.

Decided Dec. 17, 1993.

---

John C. Johnson, Bruce C. Conybeare, H. Kevin Haight (argued and briefed), St. Joseph, MI, for plaintiffs-appellants.

Noble S. Jennette, III, Thomas J. Mulder, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Tony C. Merry (argued and briefed), Vorys, Sater, Seymour & Pease, Columbus, OH, for defendant-appellee.

Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.

BOGGS, Circuit Judge.

The plaintiffs failed to receive health benefits under their employer's ERISA plan because the employer stopped paying into the benefits fund. The district court granted summary judgment to the defendant, American Community Mutual Insurance Company ("American"), on plaintiffs' Employee Retirement Income Security Act ("ERISA") claims under 29 U.S.C. § 1109(a) and § 1132(a)(3)(B). 815 F.Supp. 1054.

We hold that the plaintiffs have failed to plead a legally cognizable claim under 29 U.S.C. § 1109(a) and have failed to carry their burden of proof on their claim under 29 U.S.C. § 1132(a)(3)(B). Accordingly, we affirm the district court's order granting summary judgment to the defendant.

I

The plaintiffs are all former employees of the now-bankrupt Watervliet Paper Company. In March 1989, Watervliet contracted with American for American's services in administering a health benefit plan. Under this agreement, Watervliet agreed to make

an initial deposit into a claims fund. American then used this fund to pay out claims. Watervliet deducted payments from employees' paychecks and should have used these deductions to replenish the fund. Watervliet was obligated under the contract to pay American on a monthly basis both for amounts that American paid from the fund and for American's service fee for administering the fund.

Under the terms of the agreement, American had no duty to pay claims if Watervliet did not replenish the fund within twenty days of billing. Watervliet, however, was consistently tardy in replenishing the fund and American sent past due notices to Watervliet in October, November, and December of 1989.

American suspended payment of claims on January 10, 1990. However, when Watervliet made a partial payment, American resumed payment of claims on January 24, 1990. On February 9, American again suspended payment of claims. After several unsuccessful attempts to work out a payment schedule for Watervliet, American informed Watervliet on May 17, 1990 that it had terminated the policy for non-payment. The cancellation was effective for all claims filed after December 31, 1989.

American never notified the plaintiffs of the problems it was encountering with Watervliet. In fact, on March 23, 1990, a hospital financial counselor contacted American about coverage for a Watervliet employee/plaintiff. American verified that the employee was still covered and gave the counselor the terms of the insurance coverage.

Also, Intracorp, American's agent for certification of employees for health care, continued to certify Watervliet employees for medical treatments through March 1990. Intracorp, however, always sent letters to the employees stating that certification was not a guarantee of payment, and that "such benefits are subject … to eligibility, coverage, and contract limitations."

In June 1990, Watervliet laid off the plaintiffs and informed them that American would not honor any medical claims that occurred after December 31, 1989. The plaintiffs filed this complaint in July 1991. The district court granted summary judgment to American in August 1992, and the plaintiffs filed this timely appeal.

## II

### A

This court reviews *de novo* the district court's grant of defendant's motion for summary judgment. *Baggs v. Eagle–Picher Indust. Inc.,* 957 F.2d 268, 271 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 466, 121 L.Ed.2d 374 (1992). This court will affirm the district court only if it determines that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court must view all evidence before it in the light most favorable to the non-moving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only " 'show[ ]'—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case. 477 U.S. at 322, 106 S.Ct. at 2552. The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B

As a preliminary matter, we note that ERISA applies to the health plan in issue. *See International Resources, Inc. v. New York Life Ins. Co.,* 950 F.2d 294, 297 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2941, 119 L.Ed.2d 565 (1992) (mere

purchase of group health insurance policy qualifies as an ERISA welfare benefit plan if the employer does not retain control, administrative power, or responsibility for paying the benefits). The plaintiffs' first claim is that American is a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A),[1] and that it is liable under 29 U.S.C. § 1109(a) for its breach of fiduciary duties.[2] Specifically, the plaintiffs contend that American had a duty to notify the plaintiffs that their benefits were in jeopardy due to Watervliet's failure to pay premiums and replenish the fund.

The district court, relying on *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1051, 122 L.Ed.2d 359 (1993), found that American was not a fiduciary under ERISA. In *Coleman*, the Fourth Circuit Court of Appeals considered a remarkably similar set of facts to determine if the insurance company was a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

In *Coleman*, the plaintiff was covered under her husband's health benefit plan. The husband's employer made an initial, but inadequate, premium payment and never made another monthly payment. The employer ultimately went out of business and the insurance company cancelled the policy as of its effective date. *Id.* at 56. Meanwhile, the plaintiff, who was pregnant, incurred hospital expenses. *Id.* at 57. The plaintiff claimed that Nationwide had breached its fiduciary duty to her by not notifying her that the employer's non-payment was jeopardizing her health insurance coverage. *Id.* at 60.

The Fourth Circuit adopted a two-part analysis to determine when an insurance company is a fiduciary. Under the first part,

the court examined "the discretionary authority or responsibility of the person with respect to that function." *Id.* at 61. Since that review failed to reveal any discretionary function described in the plan documents, the court next looked to the actions of the insurance company to see if it had voluntarily assumed duties that gave rise to fiduciary obligations. *Ibid.*

Despite the similarity between the facts in *Coleman* and this case, we analyze the fiduciary issue differently. In *Libbey–Owens– Ford Co. v. Blue Cross and Blue Shield Mut.*, 982 F.2d 1031 (6th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 72, 126 L.Ed.2d 41 (1993), we held that "[w]hen an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." *Id.* at 1035. In *Libbey– Owens–Ford*, the court found that Blue Cross was a fiduciary as defined by ERISA and, as a fiduciary, was obligated to provide an accounting to Libbey–Owens–Ford on demand.

Under the welfare benefit plan in that case, Libbey–Owens–Ford paid the costs of providing benefits directly to Blue Cross instead of buying insurance from Blue Cross. In return, Blue Cross administered the claims and decided matters of coverage. Blue Cross provided Libbey–Owens–Ford with monthly statements of amounts paid to health care providers, and it charged a monthly fee for administration of the plan. Blue Cross had the sole authority to resolve all disputes regarding coverage. *Id.* at 1032.

---

1. 29 U.S.C. § 1002(21)(A) provides in pertinent part:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

2. 29 U.S.C. § 1109(a) provides in pertinent part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

■ The holding in *Libbey–Owens–Ford* compels the conclusion that American is a fiduciary in this case. According to the plan documents, American had the sole authority "to determine the benefits to which an insured person may be entitled" and Watervliet expressly granted this discretionary authority to American. American's authority to grant or deny claims is the crucial factor that makes it a fiduciary within the terms of 29 U.S.C. § 1002(21)(A)(iii).

Even though American is a fiduciary under ERISA, the plaintiffs cannot recover in their individual capacities. In this case, the plaintiffs have alleged that American's fiduciary duties under 29 U.S.C. § 1109(a) run to them as individuals rather than to the plan as a whole. The plaintiffs, however, have misread this provision.

In *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court held that 29 U.S.C. § 1109(a) provides relief only for a *plan* and not for individual participants. 473 U.S. at 140–44, 105 S.Ct. at 3089–91. The Supreme Court noted that "the relevant fiduciary ... [is] characterized at the outset [of 29 U.S.C. § 1109(a) ] as one 'with respect to a plan,'" and the liability of a fiduciary is to reimburse the plan, not the individual participants. 473 U.S. at 140, 105 S.Ct. at 3089. *See also Richards v. General Motors Corp.*, 991 F.2d 1227 (6th Cir.1993) (plaintiff may not recover under § 1109 for personal losses suffered as a result of poor management of an ERISA plan); *Bryant v. International Fruit Prod. Co.*, 886 F.2d 132 (6th Cir.1989) (plaintiff may not recover under § 1109 for personal pension benefits lost where recovery is sought on his own behalf rather than on behalf of the plan).

In their complaint, the plaintiffs alleged "[t]hat pursuant to 29 USC § 1109, defendant American has breached its responsibilities, obligations and/or duties as a fiduciary and therefore is personally liable *to plaintiffs* for their damages." (Emphasis added). *Russell* and the Sixth Circuit cases cited *supra*, however, dictate that any recovery under § 1109 will inure to the benefit of the plan as a whole rather than to the participants as individuals. Since the plaintiffs'

claim is directly contrary to our precedents, we hold that the plaintiffs cannot recover for their losses under 29 U.S.C. § 1109.

This conclusion is consistent with the holding of *Libbey–Owens–Ford*. In that case, the court found that Libbey–Owens–Ford could bring suit for an accounting of rebates received by Blue Cross. Libbey–Owens–Ford, however, filed for the accounting on behalf of the plan, not on behalf of individual participants, and its claim was based on general principles of trust law, rather than 29 U.S.C. § 1109. *See Libbey–Owens–Ford*, 982 F.2d at 1035.

## C

■ The plaintiffs also allege an equitable estoppel claim under 29 U.S.C. § 1132(a)(3)(B). The Sixth Circuit has incorporated the doctrine of equitable estoppel into the federal common law of contracts, so far as the agreement at issue is before the federal court as an ERISA claim. *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir.1991). The elements of equitable estoppel are

1) conduct or language amounting to a representation of material fact;

2) awareness of the true facts by the party to be estopped;

3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;

4) unawareness of the true facts by the party asserting the estoppel; and

5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Ibid.*

In this case, the district court found that, although plaintiffs asserted an equitable estoppel claim in their first amended complaint, they never mentioned the argument in their briefs, and at oral argument, the plaintiffs continually characterized their action as a breach of fiduciary duty case. The court concluded that the plaintiffs had "more than

failed to shoulder their burden of supporting this theory," and granted summary judgment to American on the 29 U.S.C. § 1132 claim." [3]

The plaintiffs, however, contend that they did not abandon the claim since the district court had before it affidavits that indicated that American had verified coverage and then refused to pay the claim. Plaintiffs argue that "[i]t only takes a small semantic leap from a claim that defendant American's representation of verification of coverage was unreasonable to a claim that defendant American should be estopped from denying coverage because of those representations."

Even if this court were willing to make the semantic leap, the district court was correct in granting summary judgment to American. The plaintiffs' main argument on appeal is that since American and Intracorp made representations to the plaintiffs that they were covered by insurance, American is now bound by those representations. Assuming that the plaintiffs could meet their burden as to the first three *Armistead* elements, summary judgment is still appropriate because they cannot meet the last two elements, namely "unawareness of the true facts by the party asserting the estoppel," and "detrimental and justifiable reliance."

American issued a certificate of coverage to the plaintiffs that indicated that American would only pay claims as long as Watervliet's account was in good standing, and it reserved the right to stop paying claims even though the claims occurred before American informed Watervliet of the effective date of the cancellation. Also, Intracorp was careful to inform the plaintiffs that certification did not guarantee that their claims would be paid. Consequently, the plaintiffs were aware that American could cancel if Watervliet fell into arrears and that Intracorp's certification procedures did not guarantee that the claims would be paid.

This uncontroverted evidence was before the district court. Since the plaintiffs failed to challenge this evidence, the district court

was correct in granting summary judgment to American on the equitable estoppel claim.

The district court's order granting summary judgment to American is therefore AFFIRMED.

BAILEY BROWN, Senior Circuit Judge, concurs in the result.

---

3. The plaintiffs brought their equitable estoppel claim under 29 U.S.C. § 1132(a)(3)(B), which provides in pertinent part:

"A civil action may be brought ... (3) by a participant, beneficiary, or fiduciary ... (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."