33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mercedes S. COLE, Berton B. Cole, Otto P. Moeser, Lloyd
Block, Colvin Taylor Robert L. Delavan, William Cantrell,
Roy E. Miller, THomas C. Huber, Jr., William Corfield, Leo
Tighe, and Ralph Ziebarth, Individually, and as
Representatives of a Class of Individuals, Plaintiffs/Appellants,
v.
HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve
Company, a foreign corporation, Defendant/Appellee.
 No. 93-1546.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1994.
 
 Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs, retired employees of DeVlieg Machine Company, appeal the district court's grant of summary judgment in favor of the defendant, Health Care Service Corporation, doing business as Blue Cross Blue Shield of Illinois. The district court found that Health Care Service did not breach a fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1109, by failing to notify the plaintiffs of DeVlieg's failure adequately to fund the retirees' health care plan administered by Health Care Service, and by instead continuing to pre-certify the plaintiffs' medical procedures for which it later refused to pay. The court also rejected the plaintiffs' claim, under 29 U.S.C. Sec. 1132, that they were third-party beneficiaries of the contract between Health Care Service and DeVlieg and that Health Care Service breached the contract by failing to pay the plaintiffs' medical claims. On this appeal, the plaintiffs challenge only the district court's holding on the breach of fiduciary duty claim under Sec. 1109. For the reasons explained below, we find that the plaintiffs lack standing as individual-plan participants to recover under 29 U.S.C. Sec. 1109 for Health Care Service's alleged breach of fiduciary duty.
 
 
 2
 The undisputed facts indicate that DeVlieg Machine Company of Royal Oaks, Michigan, instituted an employer-funded benefit plan to insure its retirees for health care benefits. The plan was governed by ERISA. In July of 1988, Health Care Service became the "claim administrator" of the DeVlieg employees' plan pursuant to an administrative services agreement, and in July of 1989, Health Care Service became claim administrator for the retirees' plan, as well. DeVlieg was responsible for funding the retirees' plan, partly with retiree contributions, by providing Health Care Service with advance payments for claims and a service charge for the administration of claims. Health Care Service was neither a "named fiduciary" nor a "plan administrator," but did have sole discretion over the payment of claims. Health Care Service did not insure the plan and, thus, was not responsible for the payment of claims if DeVlieg defaulted. Health Care Service adjudicated claims subject to DeVlieg's "full and final authority" for the plan's operation. Under the agreement, Health Care Service had the right to terminate the contract ten days after giving written notice to DeVlieg of its failure to pay any amount due under the agreement. The contract placed the burden on DeVlieg to notify the plan participants of such a default because of its "direct and ongoing communication" with its employees.
 
 
 3
 In 1989 and 1990, DeVlieg defaulted on the administrative services agreement by failing to pay Health Care Service amounts due under the agreement. In 1990, DeVlieg and Health Care Service entered into a supplemental agreement to allow DeVlieg to try to cure its defaults without Health Care Service having to terminate the plan. In December of 1990, DeVlieg notified the retirees of its defaults, assuring them that they were still insured, but maintaining that claims would be paid on a "first-come, first-served" basis until DeVlieg could fully fund the plan. When DeVlieg continued to be unable to meet its obligations, Health Care Service finally terminated the agreement effective June 26, 1991. However, neither DeVlieg nor Health Care Service notified the formerly insured retirees of this action.
 
 
 4
 DeVlieg filed for Chapter 11 bankruptcy in August of 1991, and the plaintiffs have claims against the bankrupt estate for the amounts of their unpaid medical bills. The plaintiffs, however, also sued Health Care Service in Michigan state court, alleging common law counts of breach of contract, promissory estoppel, and negligent misrepresentation. In their breach of contract claim, they alleged that they were third-party beneficiaries of the administrative services agreement, which Health Care Service allegedly breached by failing to pay the plaintiffs' medical expenses. The promissory estoppel and negligent misrepresentation claims alleged that Health Care Service failed to notify them of DeVlieg's defaults, but instead continued to pre-certify them for medical procedures despite DeVlieg's non-payment, thus inducing them to incur medical expenses which Health Care Service then refused to pay.
 
 
 5
 The defendant removed the suit to federal court, arguing that ERISA, 29 U.S.C. Sec. 1144(a), preempts state law claims concerning employee benefit plans. The plaintiffs in turn amended their complaint, adding individual DeVlieg employees as defendants and asserting that the facts alleged in the original complaint also constituted violations of ERISA. They cited 29 U.S.C. Sec. 1132, ERISA's civil enforcement provision, as the statute under which they brought their federal claims, but failed to identify substantive ERISA violations. Defendant Health Care Service interpreted the plaintiffs' substantive ERISA claim to be a claim that it had breached a fiduciary duty to the plaintiffs in violation of 29 U.S.C. Sec. 1109, and consequently moved for summary judgment.
 
 
 6
 In its order granting Health Care Service's motion for summary judgment, the district court first found that ERISA preempted the plaintiffs' state law claims. The plaintiffs concede preemption of these state law claims on this appeal. The district court, then attempting to interpret the plaintiffs' arguments as claims under ERISA, 29 U.S.C. Sec. 1132, held that "[t]o the extent that Plaintiffs['] state law theories can be construed to seek recovery under the written terms of the plan, they may be cognizable under Sec. 1132." The court found that the promissory estoppel and negligent misrepresentation claims were not claims "under the terms of the plan," and thus were not cognizable Sec. 1132(a)(1)(B) claims. The court, however, found that the breach of contract claim sought recovery under the terms of the plan and, therefore, was properly brought under Sec. 1132(a)(1)(B). After construing the breach of contract as the only viable Sec. 1132(a)(1)(B) claim, the court then interpreted the complaint to state an additional claim under 29 U.S.C. Sec. 1109 for Health Care Service's alleged breach of a fiduciary duty to notify the plaintiffs of DeVlieg's failure to pay into the plan. Such an interpretation was approved in Flacche v. Sun Life Assurance Co. of Canada (U.S.), 958 F.2d 730, 733 (6th Cir.1992). Because 29 U.S.C. Sec. 1132(a)(2) permits a plan participant to sue "for appropriate relief under section 1109," the district court permitted this breach of fiduciary duty claim to go forward as well.
 
 
 7
 After identifying the plaintiffs' claims in this way, the district court analyzed both of them. First, with regard to the Sec. 1109 claim, the court held that Health Care Service was not a fiduciary and, thus, did not violate ERISA by failing to notify the plaintiffs of DeVlieg's failure to make payments under the agreement. Second, on the breach of contract claim, the court found that the plaintiffs were not third-party beneficiaries under the contract and, thus, that Health Care Service did not owe them damages for breach of contract. The plaintiffs appeal only the district court's finding that Health Care Service breached no fiduciary duty under Sec. 1109.
 
 
 8
 Although raised by neither party, the preliminary issue in this appeal of the claim based on breach of fiduciary duty is the issue of the plaintiffs' standing as individual plan participants to sue for a breach of Health Care Service's alleged fiduciary duty under ERISA. Regardless of the parties' failure to bring the issue to the court's attention, we must address the issue on our own motion in order to ensure that this court complies with the United States Constitution's Article III requirement that federal courts exercise jurisdiction only over "cases" and "controversies". Jaimes v. Toledo Metro. Hous. Auth., 758 F.2d 1086, 1092 (6th Cir.1985); see also Am. Fed'n of State, County and Mun. Employees Local 506 v. Private Indus. Council of Trumbull County, 942 F.2d 376, 378 (6th Cir.1991); United States v. Van, 931 F.2d 384, 387 (6th Cir.1991).
 
 
 9
 In our recent opinion in Tregoning v. Am. Community Mut. Ins. Co., 12 F.3d 79 (6th Cir.1993), a case decided after the district court issued its opinion in this action, we refused to grant standing on facts similar to those in this case. In Tregoning, individual participants in an employer-funded health plan sued the claims administrator under ERISA, 29 U.S.C. Sec. 1109(a), alleging that the claims administrator breached its fiduciary duty to notify them of their employer's non-payment into the plan. Although we thoroughly analyzed the individual plaintiffs' claims against the claims administrator under the breach of fiduciary duty theory, we ultimately concluded that the plaintiffs could not recover in their individual capacities because 29 U.S.C. Sec. 1109(a) provides relief to the plan itself, but not to individual plan participants. Id. at 83 (citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140-44 (1985)). 29 U.S.C. Sec. 1109(a) provides that a fiduciary who breaches his or her responsibilities
 
 
 10
 shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.
 
 
 11
 (Emphasis added.) The Russell Court reviewed Sec. 1109 and stated:
 
 
 12
 A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.
 
 
 13
 Russell, 473 U.S. at 142. Relying on Russell, the Tregoning court held that the plaintiffs could not recover individually under Sec. 1109 for their losses. 12 F.3d at 83. These plaintiffs, who also sue individually, are likewise not entitled to recover for their medical bills.
 
 
 14
 Based on the fact that the plaintiffs lack standing to sue Health Care Service for alleged breaches of a fiduciary duty, we decline to address the merits of this claim. Instead, with regard to the claim presented under 29 U.S.C. Sec. 1109, we VACATE the judgment of the district court and order that the claim be DISMISSED.