65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen A. D'AMATO, Plaintiff-Appellant,
v.
CORPORATE CONSULTING, INC., Defendant,
and
Blue Cross and Blue Shield Mutual of Ohio, Defendant-Appellee.
 No. 94-3218.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1995.
 
 Before: NELSON and DAUGHTREY, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal stems from the retroactive termination of benefits under a health insurance plan that Corporate Consulting, Inc., had secured from the appellee, Blue Cross and Blue Shield Mutual of Ohio, to cover its employees, one of whom was the appellant, Kathleen A. D'Amato. D'Amato filed suit against Blue Cross in state court to recover medical expenses incurred when she gave birth to her son, based on a state law claim of equitable estoppel. The action was removed to federal court, where D'Amato amended her complaint to allege that she was entitled to "equitable relief for payment of plan benefits" and that Blue Cross had failed to give notice of her right to continued insurance coverage under the COBRA statute, 26 U.S.C. Sec. 1166. The district court granted Blue Cross's motion to dismiss under Fed.R.Civ.P. 12(b)(6), for failure to state a claim as to both theories of recovery. We affirm.
 
 
 2
 D'Amato was employed by Corporate Consulting until the early part of June 1992, when she voluntarily terminated her employment in anticipation of childbirth. At the time her employment at the company ended, D'Amato believed that her medical expenses would be covered by her employer's group health insurance plan, based on representations made by the employer. In fact, Corporate Consulting had not paid the premium due in May 1992 and, apparently, did not make any further payments.
 
 
 3
 D'Amato gave birth to her son on June 11, 1992. On at least two occasions thereafter, she contacted Blue Cross to verify her coverage under the plan and to find out what steps she needed to take to ensure that her coverage continued under COBRA. On both occasions, June 25 and July 7, she was told that her coverage would continue through July. Indeed, the hospital expenses she incurred in June were paid by Blue Cross sometime in mid-July.
 
 
 4
 On August 24, 1992, however, Blue Cross notified D'Amato that, due to Corporate Consulting's failure to pay its premiums, the plan had been terminated retroactive to April 30, 1992. (This retroactive termination was consistent with the terms of the plan and is not contested by the appellant.) Blue Cross also told her that she was ineligible for continued coverage under COBRA, because she had not applied within 90 days of the termination of the plan.
 
 
 5
 In response to D'Amato's claim that she was wrongly denied medical benefits, the district court held that her equitable estoppel claim, based on state law, was preempted by ERISA. The court also held that it could not be maintained as a federal claim because, as pleaded, it did not fit within the constraints of Armistead v. Vernitron Corp., 944 F.2d 1287 (6th Cir.1991).
 
 
 6
 As to the COBRA claim, the district court held that D'Amato had failed to allege facts sufficient to bring her situation within the ambit of the federal statute.
 
 
 7
 After careful review, we conclude that the district court's judgment is essentially correct and that it must, therefore, be affirmed. We reject outright the appellant's argument that the district court applied the wrong standard in deciding the Rule 12(b)(6) motion filed by Blue Cross. The district court's opinion correctly identifies that applicable standard, i.e., that D'Amato's complaint must be "construed in a light most favorable to her and all of the factual allegations contained in the complaint [must be] accepted as true." Citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990), the district judge determined, nevertheless, that D'Amato could prove no set of facts to support her claims against Blue Cross and dismissed the complaint.
 
 
 8
 Although the district court's reading of our opinion in Armistead was too narrow, as has been made clear by our subsequent opinions in Tregoning v. American Community Mutual Ins. Co., 12 F.3d 79 (6th Cir.) (1993), cert. denied, 114 S.Ct. 1832 (1994), and Adcox v. Teledyne, 21 F.3d 1381, 1389 (6th Cir.), cert. denied, 115 S.Ct. 198 (1994), the ruling itself is factually unassailable. As the district court noted:
 
 
 9
 While it is regrettable that the plaintiff and her husband initially received misinformation about the status of plaintiff's coverage, the misrepresentations upon which plaintiff purportedly relied were made after the claims for medical expenses were incurred on June 11, 1992. Absent [an allegation of] facts showing that plaintiff "took any detrimental action as a result of the statements" by Blue Cross, the estoppel claim cannot survive. Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 137-38 (6th Cir.1993).
 
 
 10
 The district court further held, correctly, that "[w]ith regard to plaintiffs claim that Blue Cross had an obligation to give COBRA notice, plaintiff has not alleged facts sufficient to establish that Blue Cross fits the statutory definition of 'administrator' contained in 29 U.S.C. Sec. 1002(16)(A)," which is the party responsible for notification under 29 U.S.C. Sec. 1166(a)(4)(A). Although the complaint makes a conclusory allegation that Blue Cross was the administrator of the plan, it does not contain any factual allegations to support this conclusion and, hence, cannot survive a Rule 12(b)(6) challenge. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 11
 Furthermore, the district court ruled, equally correctly, that even if Blue Cross did qualify as an administrator for COBRA purposes, D'Amato's termination could not have constituted a "qualifying event" under Sec. 1163(2), because the plan itself was cancelled prior to that event. See 29 U.S.C. Sec. 1162(2)(C).
 
 
 12
 The appellant's apparent attempt to rely on breach of fiduciary duty as a theory of recovery, by citing on appeal to Libbey-Owens Ford Co. v. Blue Cross and Blue Shield Mutual, 982 F.2d 1031, 1032 (6th Cir.), cert. denied, 114 S.Ct. 72 (1993), is likewise unavailing. Libbey-Owens Ford was an ERISA action involving a claimed breach of fiduciary duty under 29 U.S.C. Sec. 1109(a). By its terms, that provision has no application to the COBRA claim at issue here. Moreover, because no separate Sec. 1109(a) claim was included in the complaint, it clearly cannot be raised or relied upon on appeal.
 
 
 13
 The situation in which D'Amato finds herself is demonstrably unfair. As far as Blue Cross is concerned, however, it is not demonstrably illegal. For the reasons set out above, we AFFIRM the judgment of the district court dismissing the complaint in this case.
 
 
 14
 CHURCHILL, District Judge, concurring in the result.
 
 
 15
 I agree that D'Amato's termination could not have constituted a "qualifying event" under 29 U.S.C. Sec. 1162(2). For this reason I concur that the judgment of the district court dismissing the complaint must be affirmed.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation