**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0337n.06
Filed: April 29, 2005

No. 04-3740

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DINA DEL RIO, )
                   )
     **Plaintiff-Appellant,** )      **ON APPEAL** FROM THE
                   )      UNITED STATES DISTRICT
v. )      COURT FOR THE NORTHERN
                   )      DISTRICT OF OHIO
TOLEDO EDISON CO., )
                   )      **O P I N I O N**
     **Defendant-Appellee.** )
_____)

**Before: MOORE and ROGERS, Circuit Judges, and RESTANI,\* Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff-Appellant Dina Del Rio ("Del Rio")

brought suit against Defendant-Appellee Toledo Edison Co. ("Toledo Edison") pursuant to the

Employee Retirement Income Security Act of 1974 ("ERISA"), on various claims arising out of the

denial of long-term disability ("LTD") benefits. The district court held that Del Rio's claims were

without merit and granted summary judgment in favor of Toledo Edison. Upon review, we conclude

that none of Del Rio's arguments are persuasive, and therefore, the district court's grant of judgment

in favor of Toledo Edison is **AFFIRMED**. Accordingly, Toledo Edison's pending motion to strike

the joint appendix or dismiss the appeal because of omissions in the joint appendix is **DISMISSED**

as moot.

---

    \*The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

# I. BACKGROUND

Del Rio was employed by Toledo Edison,[1] an electric generation company, from October 22, 1984 until September 9, 1992. During her employment at Toledo Edison, Del Rio performed a number of administrative jobs. As part of her employment, Del Rio was a member of a union and covered by a collective bargaining agreement ("CBA"). She was also a participant in the Centerior Energy Corporation Retirement Plan (the "Plan"), which entitled her to receive certain benefits provided by Toledo Edison. Though the Plan provided a disability pension, Del Rio was within a category of employees who were not entitled to this benefit.

Del Rio's employment at Toledo Edison also entitled her to coverage under the company's LTD benefits plan (the "LTD Plan"). Under the LTD Plan, a full-time employee was eligible to receive LTD benefits if the employee had "ten years of Company service at the time of the disability which rendered the employee totally disabled." Letter from Richard LaFleur to Del Rio 2 (Nov. 20, 2001). Because Del Rio's employment at Toledo Edison lasted only eight years, she was not eligible for benefits under this provision. The LTD Plan also stated that "[t]here is no Company service requirement if total disability resulted from an on the job injury while performing Company work duties." *Id.* To be eligible to receive LTD benefits, an employee "must be certified totally disabled, and receive and [sic] award of benefits, by the Social Security Administration." *Id.*

On May 5, 1994, more than a year and a half after her employment with Toledo Edison ended, Del Rio was awarded disability benefits by the Social Security Administration ("SSA"). The SSA found that she suffered from a number of impairments, including: "somatoform pain disorder,

---

[1]In 1997, the parent company of Toledo Edison merged with Ohio Edison Company. The new entity is now known as FirstEnergy Corp. ("FirstEnergy"). The merger of the companies does not affect the outcome of this case.

dysthymia, personality disorder, rotator cuff tear of the right shoulder, tenosynovitis of the right hand and wrist; and status post operative anterior cervical diskectomy and fusion at C5-6 and C6-7." SSA Decision 2 (May 25, 1994). The SSA determined, however, that the "totally disabling component is her emotional problems which includes severe depression and a personality disorder with histrionic and paranoid features." *Id.* The SSA found that the disability began on May 7, 1992, during which time she was still employed at Toledo Edison. Because there were no jobs available that she could perform in light of this condition, the SSA awarded her disability benefits.

Del Rio alleges that between 1994 and 2000 she periodically called the benefits department at Toledo Edison inquiring about her rights under the LTD Plan. She claims that each time she called, a Toledo Edison employee would inform her that she was not eligible for LTD benefits because she was not employed for a full ten years. On August 14, 2001, Del Rio wrote a letter to Toledo Edison, by then FirstEnergy, demanding LTD benefits. Richard LaFleur ("LaFleur"), the director of employee benefits for FirstEnergy, responded to Del Rio via a letter on November 20, 2001. In the letter, LaFleur explained the terms of the LTD Plan and enclosed a description from the employee handbook. Furthermore, he stated that because there was no evidence that she was "totally and permanently disabled" at the time her employment ended, she was ineligible to receive benefits. Letter from LaFleur to Del Rio 1 (Nov. 20, 2001). LaFleur invited Del Rio to appeal the determination as well as submit documentation substantiating her claim.

On January 21, 2002, Del Rio responded by faxing a letter to LaFleur accompanied with the SSA determination finding her disabled since May 1992. She also included a determination from the Industrial Commission of Ohio (the "IC"), which found that Del Rio had suffered several work-related injuries affecting her arms and wrists. LaFleur forwarded Del Rio's letter and supporting

documentation to the Appeals Committee, which reviews benefit claims from present and former employees of FirstEnergy and its predecessor companies. On March 25, 2002, the Appeals Committee denied her claim, finding that she neither worked at Toledo Edison for the requisite ten-year period, nor could she demonstrate that her disability resulted from an on-the-job injury. The Appeals Committee relied upon the SSA determination that her emotional problems were the disabling component of her injuries. While the SSA found that the disability began in May 1992 during her employment with Toledo Edison, there was no evidence in the record that the disability "resulted from an on the job injury while performing Company work duties." Letter from LaFleur to Del Rio 2 (Nov. 20, 2001).

On May 23, 2002, Del Rio brought suit against Toledo Edison in the United States District Court for the Northern District of Ohio on several grounds. Specifically, Del Rio alleged that Toledo Edison violated ERISA by breaching its fiduciary duties, failing to disclose statutorily required information, and failing to pay her pension benefits within sixty days of the end of her employment. Del Rio also alleged that Toledo Edison breached the CBA by failing to provide her with LTD benefits. Following discovery, the parties filed cross motions for summary judgment. On April 19, 2004, the district court issued its order granting Toledo Edison summary judgment on all claims. Del Rio appeals from this ruling.

## II. ANALYSIS

### A. Standard of Review

We review "the grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party." *Boone v. Spurgess*, 385 F.3d 923, 927 (6th Cir. 2004). "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories,

4

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The Court has noted that "the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## B. Breach of Fiduciary Duty

Del Rio's first argument on appeal is that the district court erred by granting summary judgment in favor of Toledo Edison on her claim of a breach of fiduciary duty. Upon review of the record, we conclude that Del Rio has not presented sufficient evidence to support her claim, and therefore the grant of summary judgment in favor of Toledo Edison is appropriate.

Del Rio presents two theories in support of her breach-of-fiduciary-duty claim against Toledo Edison. First, in her complaint, Del Rio alleged that Toledo Edison breached its fiduciary duties "[b]y using the Plaintiff's pension funds for its own personal use." Compl. at 4. We agree with the district court that Del Rio's allegation is nothing more than a bare assertion, devoid of any support in the record. Moreover, to the extent that Del Rio was seeking damages in her individual capacity as a result of this alleged breach rather than on behalf of the plan itself, ERISA does not afford her an avenue of redress. *Tregoning v. Am. Cmty. Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993) (citing *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 140-144 (1985)), *cert. denied*, 511 U.S. 1082 (1994).[2]

---

[2]In her brief, Del Rio attempts to distinguish her case from *Tregoning* by arguing that its holding pertained to ERISA § 409, 29 U.S.C. § 1109, while she is seeking redress for violations of ERISA § 404, 29 U.S.C. § 1104. Appellant's Br. at 17. This argument is wholly without merit.

Del Rio's second argument is that Toledo Edison breached its fiduciary duty by making material misrepresentations to her regarding her LTD benefits.[3] We have stated that "[a] fiduciary breaches his duty by providing plan participants with materially misleading information, regardless of whether the fiduciary's statements or omissions were made negligently or intentionally." *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 449 (6th Cir. 2002) (internal quotation omitted), *cert. denied*, 538 U.S. 1033 (2003). "Misleading communications to plan participants regarding plan administration (for example, eligibility under a plan, the extent of benefits under a plan) will support a claim for a breach of fiduciary duty." *Drennan v. Gen. Motors Corp.*, 977 F.2d 246, 251 (6th Cir. 1992) (internal quotation omitted), *cert. denied*, 508 U.S. 940 (1993). We have explained that "a misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision in pursuing disability benefits to which she may be entitled." *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999). We have noted our approval of other cases from sister circuits which have held that "once an ERISA beneficiary has requested information from an ERISA fiduciary . . . the fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even if that requires

---

Though § 404 establishes the fiduciary duties under ERISA, § 409 is the only provision which provides for *liability for breach* of those duties. *See* ERISA § 502(a)(2) (authorizing a civil action "by a participant, beneficiary or fiduciary for appropriate relief under §409"). There is no cause of action under § 404 itself.

[3]This argument was not addressed by the district court and was only fully presented for the first time in Del Rio's brief to this court. While arguments not presented to the district court are considered waived on appeal, *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 758 (6th Cir. 1999), *cert. denied*, 530 U.S. 1274 (2000), Del Rio alludes to the argument in her memorandum in support of summary judgment to the district court. *See* Pl.'s Mem. in Supp. of Summ. J. at 4. Therefore, we will address the merits argument in this case.

6

conveying information about which the beneficiary did not specifically inquire." *Id.* In such cases, we have awarded equitable relief, including denied benefits.

We have stated that to establish a claim for a breach of a fiduciary duty under ERISA based on a material misrepresentation, "a plaintiff must show: (1) that the defendant was acting in a fiduciary capacity when it made the challenged representations; (2) that these constituted material misrepresentations; and (3) that the plaintiff relied on those misrepresentations to [his or her] detriment." *James*, 305 F.3d at 449. In this case, Del Rio asserts that during the years 1994-2000, Toledo Edison misrepresented her eligibility for LTD benefits each time she called. Specifically, she states that a person named Mr. Stevers told her that she did not qualify for LTD benefits because she did not work at Toledo Edison for the requisite ten-year period. Assuming *arguendo* that Toledo Edison was acting in a fiduciary capacity during that conversation, Del Rio has still not demonstrated a breach of a fiduciary duty. Del Rio has not put forth any evidence to demonstrate a material misrepresentation. Mr. Stevers informed Del Rio that she was not entitled to benefits, which is accurate. *See infra* Part D. Furthermore, she did not rely on these conversations at all, but rather sent a letter to Toledo Edison in 2001 requesting benefits nonetheless. Because she cannot satisfy the elements of a material misrepresentation claim, Toledo Edison is entitled to summary judgment on this ground as well.

## C. Failure to Provide Documentation

Del Rio's second argument on appeal is that Toledo Edison violated ERISA-imposed disclosure requirements. Because we conclude that ERISA does not provide a substantive remedy for the violation Del Rio alleges and that Toledo Edison furnished information upon written request, we affirm the grant of summary judgment in favor of Toledo Edison on this claim.

7

ERISA requires a plan administrator to provide summary plan descriptions and annual reports to all participants and beneficiaries of an ERISA plan. ERISA § 104(b), 29 U.S.C. § 1024(b). Del Rio alleges that Toledo Edison failed to provide her with any documents concerning the LTD Plan throughout the years until she requested information in 2001. In her complaint, Del Rio claimed that she suffered harm as a result of this failure to disclose information. Compl. at 5. Toledo Edison disputes this claim and states that "each year's summary annual report was mailed by first class mail to [Del Rio's] last known address."[4] Appellee's Br. at 17. Though there is a factual dispute on this matter, even assuming that Toledo Edison failed to provide the information, we conclude that Del Rio does not have a remedy within the ERISA statutory scheme. We have stated that "[n]othing in [ERISA's civil enforcement provision] suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose required information." *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006, 1009 (6th Cir. 1993). Therefore, "even assuming that [Toledo Edison] violated its statutory disclosure duties, ERISA does not afford the type of substantive remedy [Del Rio] seeks." *Id.* at 1008.

In her brief to this court, Del Rio argues that even if she is not entitled to damages on this claim, she should be able to recover a statutory penalty for Toledo Edison's failure to provide information *which she requested*. This argument is equally unpersuasive. ERISA requires that an "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report . . . [and the agreement] under which the plan is established or operated." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). If the

---

[4]Del Rio apparently moved from Ohio to South Carolina in 1995. She claims that though she moved, she kept a post office box in Toledo, Ohio, where the information should have been sent.

8

administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," the administrator "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal." ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). There is no evidence in the record that Toledo Edison failed to honor a written request for information from Del Rio. In fact, the record reveals that Del Rio only made one written request for information, to which Toledo Edison quickly responded. As result, we conclude that Toledo Edison is entitled to summary judgment on this claim as well.

## D. Denial of LTD Benefits

Del Rio's final argument on appeal is that the district court erred in finding that she was not entitled to benefits under the LTD Plan. Upon review of the terms of the LTD Plan, we conclude that Del Rio is not entitled to benefits, and therefore we affirm the grant of summary judgment in favor of Toledo Edison on this claim.

First, we agree with the district court that though Del Rio styled her arguments as a denial of benefits under the CBA, her claim is essentially a request for denied benefits under the LTD Plan. We have stated that "'a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the eligibility for benefits or to construe the terms of the plan.'" *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Where the benefit plan gives the administrator or fiduciary such discretionary authority, we have stated that "a court reviewing [the actions of the administrator or fiduciary] should apply the arbitrary and capricious standard of review." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th

Cir. 2000). In this case, Toledo Edison concedes that it is not vested with any discretionary authority under the LTD Plan, and therefore de novo review is appropriate.

Under the LTD Plan, a full-time employee is entitled to benefits if she has worked for the company for ten years "at the time of the disability which rendered the employee totally disabled." Letter from LaFleur to Del Rio 2 (Nov. 20, 2001). It is undisputed that Del Rio worked for Toledo Edison for only eight years, and therefore is not entitled to benefits under that provision. The LTD Plan also states that "[t]here is no Company service requirement if total disability resulted from an on the job injury while performing Company work duties." *Id.* Determination of total disability is made by the SSA, not the employer. The SSA determined that Del Rio was disabled as a result of her emotional problems, not her physical injuries. Therefore, to qualify for benefits under the LTD Plan, she must demonstrate that her emotional problems were a result of an on-the-job injury while performing her work duties. Because Del Rio has not presented any evidence to that effect, we conclude that she is not eligible for benefits under the LTD Plan.[5] Therefore, the district court's grant of summary judgment on this claim is affirmed as well.

---

[5]Del Rio also argues that Toledo Edison failed to abide by the terms of the LTD plan because the appeals committee did not independently review the medical evidence in the case. Appellant's Br. at 25. We find this argument to be without merit. First, Del Rio did not offer any medical evidence to the appeals committee to review. Second, assuming *arguendo* that Toledo Edison failed to abide by the LTD Plan's procedures, Del Rio would be entitled to only equitable relief, not the compensatory and punitive damages which she is seeking. ERISA § 502(a)(3); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-59 & n.7 (1993) (holding that equitable relief under § 502(a)(3) does not include compensatory and punitive damages). Because we conclude that Del Rio is ineligible for benefits under the LTD Plan, ERISA does not provide her with any other relief for Toledo Edison's failure to abide by the terms of the LTD Plan.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment on all claims in favor of Toledo Edison. Toledo Edison's motion to strike the joint appendix or dismiss the appeal because of omissions in the joint appendix is **DISMISSED** as moot.