NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0879n.06
Filed: November 1, 2005

Case No. 04-6094

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

BRENDA GAHN,                       )
                              )
    Plaintiff-Appellant,      )
                              )      ON APPEAL FROM THE
      v.                    )      UNITED STATES DISTRICT
                              )      COURT FOR THE WESTERN
ACORDIA OF KENTUCKY, INC.   )      DISTRICT OF KENTUCKY
                              )
    Defendant-Appellee.      )
_____)

BEFORE: KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Brenda Gahn ("Gahn")

appeals the district court's order granting summary judgment to Defendant-Appellee Acordia of

Kentucky, Inc. ("Acordia"), on her claims brought pursuant to The Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Because the benefits plan in question

requires a finding of disability by the relevant insurance company, and because Gahn offered no

evidence to counter evidence that the insurance company had found Gahn not to be disabled, we

affirm the district court's grant of summary judgment to Acordia.

Acordia, Gahn's former employer, sponsored and administered an ERISA benefits plan ("the

Plan") that provided, among other things, long-term disability ("LTD") benefits. Acordia lawfully

delegated the discretion to determine whether a plan participant is eligible for LTD benefits to

UNUM Life Insurance Company ("UNUM"). *See Tregoning v. American Community Mut. Ins. Co.*,

12 F.3d 79, 83 (6th Cir. 1993) (employer delegated authority and discretion to determine eligibility for benefits to insurance company). Under the Plan, if a participant is eligible for LTD benefits, he is also eligible for retiree medical benefits.

Gahn ceased active employment in 1999. She received LTD and retiree medical benefits until January 9, 2001, when UNUM sent Gahn a letter terminating her LTD benefits, claiming "insufficient medical documentation." Accordingly, Gahn's retiree medical benefits were terminated by Acordia. Gahn filed the requisite internal appeals, without success, before filing suit against UNUM and Acordia for denial of her LTD and retiree medical benefits. Gahn and UNUM eventually reached a settlement on her claim for LTD benefits, and Gahn dismissed UNUM from the case, leaving Acordia as the only remaining defendant against Gahn's claim for retiree medical benefits.

The district court granted summary judgment to Acordia on Gahn's claim for retiree medical benefits on the basis of Gahn's inability to provide any evidence that UNUM had found her disabled so as to entitle her to retiree medical benefits from Acordia. We agree. UNUM indicated in its January 9, 2001, letter that it had determined that Gahn was not disabled. UNUM later upheld this decision in its November 29, 2001, letter denying Gahn's appeal. UNUM gave no subsequent indication that it had changed its decision regarding Gahn's disability status prior to settling with her and being dismissed from the case, and at summary judgment Gahn offered no language from the settlement agreement as evidence that UNUM had suddenly changed its decision and found her to be disabled.

Gahn argues on appeal that the district court erred by granting Acordia summary judgment based on evidence outside the administrative record (her settlement with UNUM) rather than the

2

court's making its own determination of disability based on the administrative record. But because Acordia lawfully delegated the authority for making the disability determination to UNUM, the issue is not whether the administrative record supports a finding that Gahn is disabled, but whether UNUM in fact found her to be disabled. On this crucial point Gahn has failed entirely to create a genuine dispute of material fact necessary to survive summary judgment. *See* Fed. R. Civ. P. 56(c). The only evidence before the district court regarding UNUM's opinion of Gahn's disability was its two letters to her indicating she was not disabled. The district court therefore did not draw an improper inference against Gahn based on the settlement agreement's silence regarding UNUM's opinion as to her disability status, but rather found that this silence rendered her without any evidence to counter UNUM's two letters finding her not disabled. Because there was no genuine issue of material fact as to UNUM's finding her not disabled, and because Gahn's entitlement to retiree medical benefits rests entirely upon her being found disabled by UNUM, the district court's grant of summary judgment to Acordia was correct.

To the extent Gahn is arguing that UNUM's finding her not disabled was arbitrary and capricious, *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) (indicating that arbitrary and capricious standard of review is appropriate when the benefits instrument has conferred discretionary authority); *see, e.g., Boyd v. Trustees of United Mine Workers Health & Retirement Fund*, 873 F.2d 57, 59 (4th Cir. 1989) (noting post-*Bruch* that "[w]here the administrator or fiduciary has discretionary authority, an abuse of discretion standard should apply"), Gahn has forfeited the ability to challenge the substance of UNUM's finding by dismissing UNUM from the case. From the perspective of Acordia, the only defendant remaining in the case, it is only obligated to provide Gahn retiree medical benefits if UNUM finds her to be disabled. Since Gahn could not

3

prove the existence of such a finding based on the evidence before the district court, summary judgment in Acordia's favor was appropriate.

Accordingly, we **AFFIRM** the judgment of the district court.