**UNITED STATES of America, Plaintiff,**

v.

**Thomas H. ASHBAUGH, County of Allegheny Treasurer's Office, Borough of Wilmerding, East Allegheny School System, and Pennsylvania Municipal Service Co., Defendants.**

Civ.A. No. 01–637.

United States District Court,
W.D. Pennsylvania.

Aug. 21, 2002.

Paul E. Skirtich, U.S. Attorney's Office, Pittsburgh, PA, D. Brian Simpson, U.S. Department of Justice, Washington, DC, for plaintiff.

Michael H. Marks, James J. Gladys, G.N. Evashavik & Evashavik, Isobel Storch, Hoffman & McCann, Irving S. Firman, Tucker Arensberg, Stacey F. Vernallis, Scott D. Crawford, Pietragallo, Bosick & Gordon, Pittsburgh, PA, Cheryl Cindrich, Mt. Lebanon, PA, for defendants.

## MEMORANDUM ORDER

LANCASTER, District Judge.

Before the court is defendant Thomas Ashbaugh's motion to dismiss an eight (8) count amended complaint (Document # 11) filed by the United States of America. The United States seeks in the first seven counts of the amended complaint to reduce to judgment federal income tax assessments made against Mr. Ashbaugh. The motion to dismiss, although nominally addressed to the entire amended complaint, focuses upon Count VIII, wherein the United States seeks a ruling that legal title to certain real estate owned by Mr. Ashbaugh's mother, now deceased, has passed to Mr. Ashbaugh under the Commonwealth of Pennsylvania's intestacy law. The United States seeks an order directing the sale of the property in question and the payment of the proceeds thereof to the United States towards satisfaction of liens the United States has filed against Mr. Ashbaugh's property and his rights to property.

Mr. Ashbaugh's motion to dismiss is premised upon Fed.R.Civ.P. 12(b)(7), which permits a party to seek dismissal of a complaint for failure to join a party under Fed.R.Civ.P. 19. Mr. Ashbaugh argues that his "potential interest" in his mother's property would be subject to inheritance taxes payable to the Commonwealth of Pennsylvania, and that "[p]ermitting the U.S. to proceed with the sale of the property to satisfy the tax liability of Ashbaugh without considering the interests of the Commonwealth of Pennsylvania and other potential creditors will prejudice those parties and potentially subject Ashbaugh to claims by them." (Document # 11, ¶ 7). The Commonwealth of Pennsylvania and unnamed "other potential creditors" are, in Mr. Ashbaugh's view, necessary parties whose absence requires dismissal of the complaint under Fed.R.Civ.P. 12(b)(7).

The United States has responded to the motion (Document # 13) and notes that all entities who have filed liens against, or otherwise claimed an interest in, the property which is the focus of Count VIII have been joined as defendants. The Commonwealth of Pennsylvania, on the other hand, is said not to have asserted an interest in the real property.

Mr. Ashbaugh's Rule 12(b)(7) motion is premised upon his assertion that the United States has failed to join a necessary party under Rule 19. The court thus turns to Fed.R.Civ.P. 19(a), which sets forth the factors a court should consider in determining whether a party's joinder is "necessary" for a just adjudication of an action such that the party should be joined if feasible. Rule 19(a) provides in relevant part:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

We are satisfied that the Commonwealth of Pennsylvania is not a necessary

party under Rule 19(a). Initially, it is clear that complete relief can be accorded to the parties already in the action absent the Commonwealth of Pennsylvania. This is the case since the Commonwealth of Pennsylvania has not asserted any interest in the real property that is the subject of Count VIII. In fact, Mr. Ashbaugh does not allege that the Commonwealth of Pennsylvania has a direct interest in the property. Instead, Mr. Ashbaugh's argument proceeds on the assumption that the Commonwealth of Pennsylvania will seek to recover inheritance tax from him or his mother's estate should this court rule that title to the property has passed or should pass to Mr. Ashbaugh.

The Advisory Committee Notes to Rule 19 state that subdivision (a)(1) was enacted to avoid "partial or hollow relief". *See* Fed. R.Civ.P. 19 advisory committee's note. For purposes of subdivision (a)(1), the effect the "decision may have on the absent party is not material." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir.1993). The accrual of inheritance tax liability, and any proceedings to collect such sums, are matters which do not directly touch upon any issue in this case. Thus, the parties to this case will be able to obtain complete relief even absent consideration of any potential future inheritance tax liability. Since no present party to this suit would receive "partial or hollow" relief in the absence of the Commonwealth of Pennsylvania, the Commonwealth of Pennsylvania is not a necessary party under Rule 19(a)(1).

■ The court must next determine whether under subdivision (a)(2)(i) of Rule 19, the disposition of this action without the Commonwealth of Pennsylvania will "as a practical matter impair or impede" the Commonwealth of Pennsylvania's ability to protect its interest in the subject of this litigation. The United States has made no argument with respect to this issue, and, as noted above, the Commonwealth of Pennsylvania is not alleged to have a direct interest in the property. Instead, the Common-

wealth of Pennsylvania has a potential interest in collecting tax revenues the liability for which may be incurred when and if title to the property passes to Mr. Ashbaugh. A movant under Rule 12(b)(7) must make an affirmative showing concerning the nature of the interest possessed by the absent party and the manner in which such interest will be impaired. *Sunrise Fin., Inc. v. Painewebber, Inc.*, 948 F.Supp. 1002, 1006 (D.Utah 1996). Mr. Ashbaugh makes no such showing, and, hence, his motion may be denied on this basis as well.[1]

■ Finally, the court must consider whether the Commonwealth of Pennsylvania's absence might subject the existing parties to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *See* Fed.R.Civ.P. 19(a)(2)(ii). Fed.R.Civ.P. 19(a)(2)(ii) also serves to protect defendants from "needless" multiple litigation. *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, known as The Sindia*, 895 F.2d 116, 122 (3d Cir.1990). Mr. Ashbaugh does not assert that any party, other than himself, will be subjected to double or inconsistent obligations. Concerning his own situation, Mr. Ashbaugh asserts that, should the United States be granted the relief it requests in Count VIII, he may be subjected to liability for inheritance taxes if title to his mother's property passes to him. He does not explain, however, how this additional liability would create a "double," "multiple" or "inconsistent" obligation in this case. On the contrary, Mr. Ashbaugh's potential inheritance tax obligation is a matter with only a tangential relation to the claims made in this case, and certainly does not support a finding that he will be subjected to multiple or inconsistent obligations if the Commonwealth of Pennsylvania is not joined as a party.

In conclusion, defendant Ashbaugh is not entitled to dismissal of this action on the basis that the Commonwealth of Pennsylvania is a an indispensable party.

---

1. For the same reason, Mr. Ashbaugh's assertions that some unnamed "other potential creditors" will be prejudiced by resolution of this dispute, or that such persons may "potentially" raise claims against him, are not sufficient, ab-

sent specifics, to permit the court to conduct a Rule 19 analysis. The motion to dismiss, to the extent that it relies upon such anonymous persons and their unspecified interests, will be denied.

Accordingly, this 21st day of August, 2002, upon consideration of defendant Thomas Ashbaugh's motion to dismiss (Document # 11), IT IS HEREBY ORDERED that the motion is DENIED.