## PLAN DE SALUD DE LA FEDERA-CION DE MAESTROS DE PUER-TO RICO, et al., Plaintiffs

v.

## Commonwealth of PUERTO RICO, et al., Defendants.

### Civil No. 02–1078 (FAB).

United States District Court, D. Puerto Rico.

March 13, 2007.

Madelin Colon–Perez, Colon & Roman Law Office, William Santiago–Sastre, Melendez Perez, Ledesma, Prats, Ivan Diaz–de–Aldrey, San Juan, PR, for Plaintiffs.

Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Landron & Vera LLP, Guaynabo, PR, Ivette M. Berrios, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

In accordance with the bench order issued today, the American Federation of Teacher's (AFT) Motion Requesting Voluntary Dismissal with Prejudice (Docket No. 219) is hereby **GRANTED.** Having considered Plaintiff Federacion de Maestros de Puerto Rico ("FMPR") Opposition to AFT's Motion for Voluntary Dismissal with Prejudice (Docket No. 222), Defendants' Notice of Endorsement of Dismissal with Prejudice (Docket No. 225) and Plaintiff AFT's Reply Brief Regarding Voluntary Dismissal, this Court finds that there is no basis in law that precludes the dismissal of AFT's claims in this case, or that

---

1. *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

AFT be considered an indispensable party pursuant to Fed.R.Civ.P. 19(a).

A person may be joined as an involuntary party pursuant to Rule 19(a), which provides:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Plaintiff FMPR argues that AFT is an indispensable party because it is not possible to adjudicate this case nor award complete relief to all parties in its absence. (Docket No. 222) It is a bare and speculative allegation. FMPR has presented no evidence to demonstrate why, without AFT, it will not be able to recover **from defendants for their action** of liquidating the Plan de Salud. Contrary to what FMPR argues, it is clear that complete relief can be accorded without having to join AFT. *Smith v. Mandel*, 66 F.R.D. 405, 408 (D.S.C.1975) ("the 'complete relief' standard of Rule 19(a)(1) is designed to insure that all persons who have an inter-

est in the litigation are present so that any relief to be awarded will effective and complete."); *see also Register v. Cameron & Barkley Co.*, 467 F.Supp.2d 537, 541–42 ("when making [a Rule 19(a)] determination, the Court must base its decision on the pleadings as they appear at the time of the proposed joinder").

FMPR further alleges that if its request is denied, AFT would be unable to collect from FMPR for other debts. It seems clear that if FMPR is unable to prosecute its claim against the defendants successfully in this case, its finances and ability to pay its debts will be affected. As correctly stated by AFT, however, "it would be unreasonable to argue that all FMPR creditors are indispensable parties to this case". In addition, FMPR's debts are not being litigated in this case and AFT is not required to participate in establishing what defendants owe to FMPR. Furthermore, AFT specifically admits that its interests will not be adversely affected if its claims are dismissed. (See, Docket No. 228). *See U.S. v. Ashbaugh*, 211 F.R.D. 285, 287 ("for purposes of subdivision (a)(1), the effect the 'decision may have on the absent party is not material' ")[1]

This is not a case in which Plaintiff FMPR could be subject to multiple or inconsistent obligations.

Having considered Rule 19(a) factors, the Court concludes that AFT is not an indispensable party. Consequently, AFT's Motion Requesting Voluntary Dismissal with Prejudice (Docket No. 219) is hereby **GRANTED**. AFT's claims are hereby

---

1. FMPR also pretends to support its request by arguing that AFT should be joined as an indispensable party because "[s]even of the thirteen witnesses announced by the plaintiffs are either AFT or ULLICO persons that the FMPR has not even interviewed nor deposed because the plaintiffs had jointly presented the same case before this Honorable Court,— a clear disadvantage to the FMPR's readiness for trial". (Docket No. 229, p. 4) This argument is clearly without merit. FMPR is responsible for its decisions as to when and how to pursue discovery.

dismissed with prejudice. Judgment shall enter accordingly.

In addition, AFT's Motion for Ruling on Voluntary Dismissal (Docket No. 239) is **MOOT**.

**IT IS SO ORDERED**