Aaron **KATZ**, on behalf of himself and all other persons similarly situated, Plaintiff,

v.

Nolan C. **ASPINWALL** et al., Defendants.

Civ. A. No. 64–612.

United States District Court,
N. D. Alabama, S. D.

Sept. 1, 1971.

Robert S. Vance of Jenkins, Cole, Callaway & Vance, Birmingham, Ala., and Kramer, Bandler & Labaton, New York City, for plaintiff.

Winston B. McCall, of Pritchard, McCall & Jones, Gilbert E. Johnston, of Deramus, Johnston, Barton, Proctor & Swedlaw, S. P. Keith, Jr., William G. West, Jr., of Sirote, Permutt, Friend & Friedman, and George R. Reynolds, Birmingham, Ala., for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

GROOMS, District Judge.

This is a derivative action brought by the plaintiff for the benefit of the United Security Life Insurance Company (USLIC) and in behalf of himself and all other stockholders of USLIC similarly situated.

The defendants have filed motions for summary judgment. The basis of these motions is that USLIC has been judicially dissolved since the institution of this suit and that on account thereof USLIC no longer has any claim or cause of action which the plaintiff herein or any other shareholder can maintain against the defendants.

Pursuant to a Plan of Rehabilitation and Reorganization approved by the Circuit Court of Jefferson County, Alabama, USLIC, acting by its court-appointed agent, transferred and assigned all of its assets to the Public National Life Insurance Company, following which said court entered a decree dissolving USLIC as of January 20, 1970, at 5 p. m.

The Supreme Court of Alabama has spoken with clarity as to the effect of a dissolution on pending claims in favor of and against a corporation that has been dissolved.

In Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, the court said:

"The dissolution of a corporation implies its utter extinction and obliteration as a body capable of suing or being sued, or in whose favor obligations exist or upon which liabilities are imposed. For all legal purposes the dissolution is the death of the corporation; thereafter it is a mere non-entity." . . . .

"[P]rolongation of the existence of the corporation, after its dissolution in a mode authorized by law, cannot be recognized unless it is specially provided for by legislative enactment. The dissolution of a corporation works an abatement of suits then pending

against it, and presents an insuperable impediment to the institution of new suits against it, unless some clear statutory provision prevents the termination of its existence, for the purposes of its organization, from having this effect. Saltmarsh v. [P. & M.] Bank, 17 Ala. 761; [National] Bank v. Colby, 21 Wall. 609 [22 L.Ed. 687]; Nevitt v. Bank [of Fort Gibson], 6 Smedes & M. (Miss.), 513; Havemeyer v. Superior Court [84 Cal. 327, 24 P. 121, 10 L.R.A. 627, 18 Am.St.Rep. 192–211]."

In Fitts v. National Life Association of Hartford, Conn., 130 Ala. 413, 30 So. 374, it was stated:

"Independent of statutory provisions, a corporation which has been finally dissolved by judicial decree is no longer a legal entity and therefore cannot be made a party defendant to a suit. Nelson v. Hubbard, 96 Ala. 238, 11 So. 428; Saltmarsh v. [P. & M.] Bank, 14 Ala. 668; Id., 17 Ala. 761, 766; [First Nat.] Bank [of Selma] v. Colby, 21 Wall. (U.S.) 609, 22 L.Ed. 687; Thornton v. [Marginal, etc.] Railway Co., 123 Mass. 32; Combes v. [Milwaukee, etc.] Railroad Co. (Wis.) 27 L.R.A. 369, [89 Wis. 297], 62 N. W. 89; 2 Mor.Priv.Corp., 1031."

More recently in Ex parte Davis, 230 Ala. 668, 162 So. 306 (1935), the court pronounced the rule to be as follows:

"The dissolution of a corporation— aside from statutory provisions—implies its utter extinction, and obliteration as a body capable of suing and being sued. And it has been held in this state that for all legal purposes the dissolution is the death of the corporation; thereafter, it is a mere nonentity. The dissolution of a corporation works an abatement of suits then pending against it, and presents an insuperable impediment to the institution of new suits against such corporation, unless some statutory provision prevents the termination of its existence, for the purpose of its organization, from having this effect. Saltmarsh v. P. & M. Bank, 17 Ala.

761; Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L.R.A. 375.

"In this state we have statutory provisions for the prolongation of corporate existence in certain cases, and for the purposes enumerated in the statute. Code, § 7069. But this statute has no application to foreign corporations, nor to corporations dissolved by judicial decree. Fitts v. National Life Ass'n of Hartford, Conn., 130 Ala. 413, 30 So. 374.

"So, then, when the said National Surety Company, a foreign corporation, was dissolved by a decree of the Supreme Court of the state of New York, the plaintiff's case then pending in the circuit court of Shelby county abated, and thereafter no further proceedings in said court could be had against it. . . ."

The statutory provision referred to in Ex parte Davis now appears as a part of § 21(86) of Title 10 of the Code, and provides that:

"Corporations whose charters have expired, or which have been dissolved *otherwise than by judicial decree,* continue to exist as bodies corporate for a period of five years after such dissolution for the purpose of prosecuting or defending suits, settling their business and affairs, collecting and disposing of their properties and distributing their assets, but not for the purpose of continuing their business." (Emphasis supplied)

The fact that this is a stockholder's derivative action does not alter the rule. Such was the case in Daugherty v. Ball, (U.S.D.C.Calif.) 43 F.R.D. 329, where the shareholders of Desilu transferred substantially all of its assets to Ball Productions, Inc. whose stock was in turn transferred to Gulf and Western Industries, Inc. Ball Productions, Inc. was thereupon merged with Paramount Pictures Corporation, a wholly owned subsidiary of Gulf and Western. The name of Desilu was changed to DPI Liquidating Corp. (DPI). DPI then filed a certificate to wind up and dissolve with

the Secretary of State. The court ruled as follows:

"It is clear to the Court and we conclude as a matter of law that, as a result of the 'practical merger' between DPI (Desilu) and Paramount, the corporate entity DPI (Desilu) no longer has any interest in the recovery sought by plaintiff herein. . . .

"By reason of the foregoing, DPI (Desilu) no longer has any claim or cause of action which the plaintiff herein, or any other shareholder of DPI (Desilu), can bring or maintain against the individual defendants on behalf of DPI (Desilu).

". . . [S]ince, by reason of the 'practical merger' of DPI (Desilu) and Paramount, no former or existing shareholder could have any basis for bringing or prosecuting a derivative action on behalf of DPI (Desilu), this action should be dismissed on the merits without requiring the notice to other shareholders provided in Rule 23.1, Federal Rules of Civil Procedure, 28 U.S.C. Rule 23.1."

Holmes v. Camp, 186 App.Div. 675, 175 N.Y.S. 349 (1919), did not involve a judicial dissolution and is otherwise distinguishable.[1]

The Court is of the opinion that the motions for summary judgment are due to be granted.

■ The notice to other shareholders will not be required. Daugherty v. Ball, *supra*; Mullins v. De Soto Securities

Co., (W.D.La.) 45 F.Supp. 871[2]; Moore, Federal Practice, (2nd ed.) par. (s) 23.80[3] and 23.1.24[2], and cases there cited.

---

1. Niesz v. Gorsuch, 9 Cir., 295 F.2d 909, involved a statutory merger and not a judicial dissolution.

2. "The plaintiff pleads also that, under 23(c) of the Federal Rules of Civil Procedure, 'A class action shall not be dismissed or compromised without the approval of the court.' However, in Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 106 F.2d 431, 436, 133 A.L.R. 1061, the court said: 'The notice therein provided for is required in case of voluntary dismissal or compromise of a class action, so as to limit the

power of the named plaintiff to terminate the suit which he has brought for others as well as for himself. It was never intended, of course, that such notice should be a condition precedent to dismissal by the court after hearing on the merits.' The motion to dismiss sustained in this case is undeniably a 'hearing on the merits.' See Pelelas v. Caterpillar Tractor Co., 7 Cir., 113 F.2d 629." (Rev'd on other grounds, 5 Cir., 136 F.2d 55)