Larry REGISTER and Esther Houlihan, Plaintiffs,

v.

CAMERON & BARKLEY COMPANY, Cambar Software, Inc., GreatBanc Trust Company, Hagemeyer North America, Inc., Mary Lou Fox, David L. Lea, Steven L. Raber, Thomas A. Skelton, Tom Stallings, James Warren, M. Joel Bateman, J. Randall Bishop, Cecil Duffie, Cheryl A. Blocker, Paula P. Greer, Debra J. Guest, David G. Gundling, Saundra Gussman, Deborah B. Holden, Allison Mahoney, Amy Mahoney, Andros Neocleous, Christopher C. Nowell, Kim Palmer, Raymond J. Perlock, Jeffrey S. Rosenberg, Kenneth B. Sands, William T. Tamsberg, Hagemeyer P.P.S. N.A. Profit Sharing 401(K) Plan, Cambar Software, Inc. Employee Stock Ownership Plan, Defendants.

C.A. No. 2:03–cv–2672–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 5, 2006.

John E Schmidt, III, Kerry B. McTigue, Melissa J. Copeland, Michael S. Cashman, Nelson Mullins Riley and Scarborough, Columbia, SC, for Plaintiffs.

Kenneth Michael Barfield, Morris Dawes Cooke, Jr., Barnwell Whaley Patterson and Helms, Stephen P. Groves, Thomas S. Tisdale, Jr., Nexsen Pruet Jacobs Pollard and Robinson, Bruce E. Miller, Moore and Van Allen, Charleston, SC, Steven Thomas Catlett, Paul Hastings Janofsky and Walker, Carrie E. Kienstra, Mark E. Furlane, Gardner Carton and Douglas, Steven Thomas Catlett, Jones Day, Chicago, IL, Curtis Warren Stodghill,

Stodghill Law Firm, Greenville, SC, Gregory C. Braden, Leslie M. Bassett, Michael G. Monnolly, Sean K. McMahan, Alston and Bird, Gregory R. Hanthorn, Jones Day, Atlanta, GA, David R. Levin, Gardner Carton and Douglas, Washington, DC, for Defendants.

## ORDER

DUFFY, District Judge.

■ This matter is currently before the court on Defendant Hagemeyer P.P. S. N.A. Profit Sharing 401(k) Plan's ("Hagemeyer Plan") Motion to Dismiss Plaintiffs Larry Register and Esther Houlihan's ("Plaintiffs") Second Amended Complaint (the "Complaint") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In order to grant this motion, the court must take the allegations in the Complaint as true and conclude that Plaintiffs, as the non-moving party, can prove no set of facts in support of their claim that would entitle them to relief. *Burbach Broadcasting Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir.2002); *Bruce v. Riddle,* 631 F.2d 272, 273–74 (4th Cir.1980). If matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R.Civ.P. Rule 12(b). For the reasons set forth herein, the Hagemeyer Plan's motion to dismiss is granted.

## DISCUSSION

Plaintiffs Complaint alleges that fiduciaries of the Cameron & Barkley Company Employee Stock Ownership Plan ("C & B ESOP") violated ERISA, as amended, 29 U.S.C. § 1001, et seq., by significantly overvaluing the share price of Cambar Software Inc. stock ("CSI stock"), an asset of C & B ESOP. The fiduciaries used this faulty valuation in conjunction with merger and spinoff transactions between Cameron & Barkley Company ("C & B"), Hagemeyer N.V., Inc. ("Hagemeyer N.V."), and Cambar Software, Inc. ("CSI"). One result of the fiduciary breaches was that the CSI participants of the C & B ESOP, who became the participants of the spun-off Cambar Software, Inc. Employee Stock Ownership Plan ("CSI ESOP"), were allocated a smaller share of the C & B assets than they were entitled to have. The remainder of the C & B ESOP plan assets were allocated to the C & B participants and eventually to the Hagemeyer Plan pursuant to the merger agreement governing the merger and spinoff transactions. Based on this set of facts, which are set forth in more detail in Hagemeyer Plan's motion to dismiss, Plaintiffs brought an action against Defendants for violations of ERISA (Counts I–V), quantum meruit recovery of litigation expenses (Count VI), violations of federal securities laws (Count VII), and violations of the Racketeer Influenced and Corrupt Organizations Act (Count VIII).

Pursuant to a Motion to Dismiss filed by Defendant GreatBanc Trust Company, the court dismissed Counts VI, VII, and VIII of Plaintiffs' Complaint on November 3, 2006. The following causes of action remain before the court:

(I) breach of fiduciary and co-fiduciary duties by authorizing and making exchanges of CSI stock for what the fiduciaries knew or should have known was more than the fair market value in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D) and 29 U.S.C. § 1105 [Count I, Complaint ¶ 56];

(II) breach of fiduciary duty to monitor the plan and duty of loyalty to the plan in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(B) [Count II, Complaint ¶¶ 65–68];

(III) breach of fiduciary duty with respect to offsets of accrued pension benefits with artificially inflated CSI stock in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D) [Count III, Complaint ¶¶ 75–78];

(IV) breach of fiduciary duty by failing to monitor the conduct of the investing fiduciaries and failing to disclose to the investing fiduciaries material facts concerning CSI's financial condition in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(B) and 29 U.S.C. § 1105 [Count IV, Complaint ¶¶ 82–84]; and

(V) Defendant CSI violated ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4),[1] by failing to promptly respond to Plaintiffs' request for the governing Summary Plan descriptions.

Counts I, II, III, and IV of the Complaint are predicated upon violations of ERISA §§ 404 and 405, which establish the duties of fiduciaries and co-fiduciaries of an ERISA-governed plan. To remedy these alleged breaches of the fiduciaries' duties, Plaintiffs bring causes of action pursuant to § 502(a)(2) and (3) of ERISA, 29 U.S.C. § 1132(a)(2) and (3), against the fiduciaries of the C & B ESOP and/or the CSI ESOP. Section 502(a)(2), 29 U.S.C. § 1132(a)(2), provides a "participant, beneficiary, or fiduciary" a cause of action to recover from the fiduciaries on behalf of the plan any losses caused to the plan by their violations of ERISA. Section 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a civil action also may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this Act or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this Act or the terms of the plan."[2]

According to the terms of the Complaint, the Defendants who are fiduciaries are: Cameron & Barkley Company [Complaint ¶ 11], Cambar Software Inc. [Complaint ¶ 12], and each of the named individual Defendants [Complaint ¶¶ 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 52].[3] No

---

**1.** Section 104(b)(4) of ERISA provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

**2.** Plaintiffs do not clearly assert that they seek recovery under Section 502(a)(3). The Complaint mentions this section only in paragraphs 58 and 59 of Count I, and does not specify which defendants are meant to be included. However, Plaintiffs, in their Prayer for Relief, clearly seek "restitution of Plaintiffs' lost benefits, with interest, and equitable apportionment of those benefits to the individual Plaintiffs." Such relief is available, if at all, under Section 502(a)(3).

**3.** At all times relevant to this action, Mary Lou Fox, Thomas A. Skelton, and Steven L. Raber were member of the CSI Board of Directors. David L. Lea was the President and/or acting Chief Executive Officer of C & B, and Cecil Duffie is the current Chief Executive Officer of CSI. Cheryl Blocker, Allison Mahoney, Amy Mahoney, and Thomas Stallings were members of the CSI ESOP Advisory Committee. Also, M. Joel Bateman, J. Randall Bishop, Paula Greer, Kenneth B. Sands, William T. Tamsberg, and James Warren were members of the C & B ESOP Advisory Committee. Paula Greer, Debra J. Guest, David G. Gundling, Sandra Gussman, Deborah B. Holden, Andros Neocleous. Christopher C. Nowell, Kim Palmer, Raymond Perlock, and Jeffrey Rosenberg were members of the Administrative Committee of the Hagemeyer Plan or its predecessor, the Cambar 401(k) Plan. Through their positions within these organizations, the Complaint specifically alleges that these named defendants were fiduciaries of either the C & B ESOP, the CSI ESOP, or the Hagemeyer Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

where in the Complaint, however, do Plaintiffs allege that the Hagemeyer Plan or the CSI ESOP were fiduciaries of either of the ERISA-governed plans.[4] The Complaint also does not allege that the Hagemeyer Plan violated any provision of ERISA, or that it performed any wrongdoing at all. The court further notes that section 502(a)(2) of ERISA, which provides for recovery against fiduciaries on behalf of the plan, does not provide a cause of action against a *plan* for a fiduciaries' breach of duty. *See Kling v. Fidelity Mgmt. Trust Co.*, 323 F.Supp.2d 132, 147 (D.Mass.2004) (holding that a suit under ERISA § 502(a)(2) is necessarily on behalf of the plan and thus the plan cannot be a defendant to such suit); *Steinman v. Hicks*, 252 F.Supp.2d 746, 755–56 (C.D.Ill.2003) (holding that an ERISA plan was "entitled to summary judgment because it cannot be named as a defendant in a suit in which it must be considered the plaintiff"); *Wilson v. United Int'l Investigative Serv. 401(k) Savings Plan*, No. 01–6126, 2002 WL 32116850, at *4 (E.D.Pa. Oct.28, 2002) (plan was entitled to summary judgment even though it had not moved for it in an action under ERISA § 502(a)(2) because the "plaintiffs press[ed] no separate cause of action against [the plan] in the complaint, nor [did] they set forth any grounds or facts to support a contention that the plan itself committed a breach of fiduciary duty."). Because Plaintiffs assert causes of action against "the fiduciaries" and the Hagemeyer Plan is not alleged to be a fiduciary, the court finds that Counts I, II, III, and IV fail to state a claim against the Hagemeyer Plan. Similarly, Count V explicitly asserts a cause of action only against Defendant "CSI." As such, the court finds that the Complaint fails to state a cause of action against the Hagemeyer Plan upon which relief may be granted.

Plaintiffs now asserts that the Hagemeyer Plan is a party necessary to ensure that complete relief may be granted, and is therefore properly a party under Rule 19(a) of the Federal Rules of Civil Procedure. Accordingly, the court considers whether the Complaint alleges facts upon which the court can infer that the Hagemeyer Plan is properly joined as a necessary party to this litigation.

### STANDARD OF REVIEW

**Joinder of a Necessary Party: Fed.R.Civ.P. 19(a)**

Federal Rule of Civil Procedure 19(a) sets forth those parties that should be joined in an action, if feasible. Under this rule, a party is "necessary" if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

■ The structure of Rule 19 reflects the analytical sequence that a court should follow in deciding a party-joinder question.

---

4. The Complaint describes the Hagemeyer Plan as "the successor to the Cambar 401(k) and the Cameron & Barkley Employee Stock Ownership Plan. They are or were employee benefit plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and are or were administered in South Carolina." [Complaint ¶ 24.] The CSI ESOP "is or was an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and is or was administered in South Carolina." [Complaint ¶ 25.]

Once an issue of compulsory joinder is raised, the court initially must determine whether the absent person's interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19(a). When making that determination, the court must base its decision on the pleadings as they appear at the time of the proposed joinder. *Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1123–24 (2d Cir.1990) (citing 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1608 (3d ed.2001)); *La Chemise Lacoste v. General Mills, Inc.*, 53 F.R.D. 596, 601 (D.Del.1971), *aff'd*, 487 F.2d 312, 314 (3d Cir.1973). That is to say, a court must not reach its conclusion regarding necessity by considering claims that a party has proposed but not yet pled. *Associated Dry Goods*, 920 F.2d at 1124; *see also Halpern v. Rosenbloom*, 459 F.Supp. 1346, 1354 (S.D.N.Y.1978) ("plaintiffs are not required to anticipate defendant's counterclaims and join all parties that may be necessary for defendant's benefit"). Accordingly, the court must consider only whether the Complaint alleges facts indicating (1) that complete relief cannot be accorded among those already parties without the Hagemeyer Plan, or (2) that the Hagemeyer Plan claims an interest relating to this ERISA action and is so situated that the disposition of the action in the Hagemeyer Plan's absence may impair or impede the Plan's ability to protect its interests or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## DISCUSSION

Plaintiffs claim that they are entitled to relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows plaintiffs to obtain "appropriate equitable relief" for ERISA violations in certain cases. Specifically, Plaintiffs seek "restitution of Plaintiffs' lost benefits, with interest, and equitable apportionment of those benefits to the individual Plaintiffs." [Complaint at 26.] Plaintiffs allege that the Hagemeyer Plan, as the successor to the C & B ESOP, possesses the actual assets which rightfully belong to the CSI ESOP, and is therefore a necessary party to this action to ensure that restitution may be granted.

 The court begins by noting that ERISA § 502(a)(3) authorizes only "those categories of relief that were *typically* available in equity, such as injunction, mandamus, and restitution, but not compensatory damages." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (emphasis in original); *Rego v. Westvaco Corp.*, 319 F.3d 140, 144–146 (4th Cir.2003); *In re Mutual Fund Investment Litigation*, 403 F.Supp.2d 434, 443 (D.Md.2005) ("Section 502(a)(3) authorizes a participant, beneficiary, or fiduciary to seek various forms of equitable relief to redress ERISA violations, but does not authorize compensatory damages or monetary relief."). Equitable restitution is a type of relief which was typically available in courts of equity, and therefore is available under § 502(a)(3). According to the Supreme Court in *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), a claim for equitable restitution must seek "not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214, 122 S.Ct. 708. A plaintiff, in other words, must argue that "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213, 122 S.Ct. 708. "But where 'the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the

plaintiff's] claim is only that of a general creditor'" and is a claim at law. *Id.* at 213, 122 S.Ct. 708 (quoting *Restatement of Restitution § 215*, Comment *a*, at 867 (1936)); *Fuller v. Liberty Life Assurance of Boston*, 302 F.Supp.2d 525, 532 (W.D.N.C.2004).

 In this case, Plaintiffs seek restitution of the actual assets wrongfully allocated to the C & B Plan, and seek to join the Hagemeyer Plan, as the ultimate recipient of those assets, so as to ensure that restitution may be granted. The "particular fund or property" over which Plaintiffs have an equitable claim are those "accrued vested assets and benefits [that were] held in the accounts of the CSI Participants" and are now held by the Hagemeyer Plan, to the extent those assets represent the difference between the value exchanged for CSI stock and the true value of what was received.[5] Plaintiffs do not contend, however, that the disputed funds have been held separately by the Hagemeyer Plan; they are simply a part of the Hagemeyer Plan or are in the personal possession of former participants of either the C & B ESOP or the Hagemeyer Plan. Plaintiffs, therefore, are not seeking to recover any *particular* fund but are merely trying to impose general liability on the Hagemeyer Plan. Accordingly, under the facts as alleged, the court finds that Plaintiffs' claim for restitution of the difference in the actual value of the assets exchanged and the true value of CSI stock received are *legal claims* that are not cognizable under § 502(a)(3). *Fuller*, 302 F.Supp.2d at 532 (holding that claim for restitution of withheld funds against a plan and that plan's fiduciaries was not an "equitable" remedy absent contention that disputed funds have been held separately by defen-

dants); *Pfahler v. National Latex Co.*, 405 F.Supp.2d 839 (N.D.Ohio 2005) (holding that claim for equitable restitution under § 502(a)(3) was possible only where specific property being sought could clearly be traced to particular funds or property in defendants' possession); *Neidich v. Estate of Neidich*, 222 F.Supp.2d 357, 375 (S.D.N.Y.2002) (holding that claim for restitution of benefits wrongfully distributed to other plan participants was not available under § 502(a)(3) because these "disbursements can no longer be traced to a particular fund"). Therefore, Plaintiff is procedurally barred from making claims for restitution of "lost benefits" under § 502(a)(3).

 Although the Defendant fiduciaries cannot equitably restore to the CSI ESOP the actual assets lost due to their breaches of duty, the court notes that they are *personally* liable for all such "losses to the plan" pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a). As such, Plaintiffs may completely recover the losses to the Plan directly from Defendant fiduciaries without disturbing the interests or requiring the involvement of the Hagemeyer Plan. The court further finds that, because Plaintiffs' claim for equitable restitution against the Hagemeyer Plan is barred, continuing this litigation in the absence of the Hagemeyer Plan would not expose Defendants to a substantial risk of incurring multiple or otherwise inconsistent obligations and would not threaten the rights of the Hagemeyer Plan. As such, the court finds that the Hagemeyer Plan is not a necessary party under Rule 19(a).

Because the Complaint does not state a cause of action against the Hagemeyer Plan, and the Hagemeyer Plan is not a

---

**5.** For example, if the fiduciaries wrongfully exchanged $100 worth of the CSI ESOP's assets to the C & B ESOP for CSI stock worth $60, the CSI Participant would have a claim for restitution against the C & B ESOP for $40 of his actual assets.

necessary party under Rule 19(a) of the Federal Rules of Civil Procedure, the court finds that it should be dismissed from this action.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Hagemeyer P.P.S. N.A. Profit Sharing 401(k) Plan's Motion to Dismiss is **GRANTED.**

**AND IT IS SO ORDERED.**